```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED

          JAN 17 2008        ES

              AT SEATTLE
         CLERK U.S. DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
   BY                            DEPUTY
```

08-CV-00037-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| GLEN THOMAS, | ) | CASE NO. C08-0037-JLR-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DISMISSING ONE |
| | ) | DEFENDANT AND DIRECTING |
| ELDON VAIL, et al., | ) | SERVICE BY MAIL ON REMAINING |
| | ) | DEFENDANTS |
| Defendants. | ) | |
| | ) | |

Plaintiff is incarcerated at the Monroe Correctional Complex ("MCC") in Monroe, Washington and has filed a complaint pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). He has paid the filing fee. Plaintiff alleges in his complaint that the Washington Department of Corrections ("the Department") has violated his constitutional rights by permitting other prisoners to sleep on the floor of his cell. Plaintiff alleges that he has suffered the loss of property and mental distress as a result of this practice. (Dkt. No. 1 at 5-6). He names as defendants the Department, Eldon Vail, Secretary of the Department, and Kenneth Quinn, Superintendent of MCC. Having reviewed the complaint pursuant to 28 U.S.C. § 1915A, the Court does hereby find and ORDER as follows:

ORDER DISMISSING ONE DEFENDANT AND
DIRECTING SERVICE BY MAIL ON REMAINING
DEFENDANTS
PAGE -1

01    (1)    <u>Dismissal of One Defendant</u>

02    The Eleventh Amendment bars suits against state agencies. *See Lucas v. Dep't of*

03 *Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Accordingly, plaintiff's claim against

04 the Department fails to state a claim upon which relief can be granted and plaintiff's claim against

05 this particular defendant is DISMISSED under 28 U.S.C. § 1915A(b)(1).

06    (2)    <u>Service by Clerk on Remaining Defendants</u>

07    As to the remaining defendants, it is hereby ORDERED that the Clerk send them the

08 following by first class mail: a copy of the complaint and of this Order, two copies of the Notice

09 of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons,

10 and a return envelope, postage prepaid, addressed to the Clerk's Office. The Clerk shall also mail

11 a copy of the complaint together with a copy of this Order to the Washington Attorney General's

12 Office, by first class mail. Defendants shall have **thirty days** within which to return the attached

13 Waiver of Service of Summons.

14    (3)    <u>Response Required</u>

15    Each defendant who timely returns the signed Waiver of Service of Summons shall have

16 **sixty days** after the date designated on the Notice of Lawsuit to file and serve an answer to the

17 complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure. Any

18 defendant who fails to timely return the signed Waiver of Service of Summons will be personally

19 served with a summons and complaint, and may be required to pay the full costs of such service,

20 pursuant to Rule 4(d)(2). A defendant who has been personally served shall file an answer or

21 motion permitted under Rule 12 within **thirty days** after service.

22 ///

01       (4)     Filing and Service by Parties, Generally

02       All attorneys admitted to practice before this Court are required to file documents
03  electronically via the Court's CM/ECF system. Additionally, any document filed with the Court
04  must be accompanied by proof that it has been served upon all parties that have entered a notice
05  of appearance in the underlying matter. Counsel are directed to the Court's website –
06  www.wawd.uscourts.gov – for a detailed description of the requirements for filing via CM/ECF.

07       All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper
08  original of any document for the Court's consideration. **For any party filing electronically,**
09  **when the total of all pages of a filing exceeds fifty (50) pages in length, a paper copy of the**
10  **document (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's**
11  **Office for chambers. The chambers copy must be clearly marked with the works "Courtesy**
12  **Copy of Electronic Filing for Chambers." All filings, whether filed electronically or in**
13  **traditional paper format, must indicate in the upper right hand corner the name of the**
14  **Magistrate Judge to whom the document is directed.**

15       (5)     Motions

16       Any request for Court action shall be set forth in a motion, properly filed and served. A
17  party must file with the motion a supporting memorandum. The motion shall include in its
18  caption (immediately below the title of the motion) a designation of the Friday upon which the
19  motion is to be noted upon the Court's calendar. That date shall be the third Friday following
20  filing of the motion (fourth Friday for Motions for Summary Judgment). All briefs and affidavits
21  in opposition to any motion shall be filed and served on the Monday immediately preceding the
22  Friday designated for consideration of the motion. If a party fails to file and serve timely

ORDER DISMISSING ONE DEFENDANT AND
DIRECTING SERVICE BY MAIL ON REMAINING
DEFENDANTS
PAGE -3

01 opposition to a motion, the Court may deem any opposition to be without merit. The party

02 making the motion may file, not later than the Friday designated for consideration of the motion,

03 a response to the opposing party's briefs and affidavits.

04     Plaintiff is advised, pursuant to *Klingele v. Eikenberry*, 849 F. 2d 409 (9th Cir. 1988), that

05 if defendants file a motion for summary judgment, any response must comply with the

06 requirements of Federal Rule of Civil Procedure 56. This rule requires that the party opposing

07 summary judgment must submit affidavits or other evidence in opposition to the motion to

08 establish that there are issues of material fact and that the movant is not entitled to judgment as

09 a matter of law. Plaintiff may not merely rest on the allegations in the pleadings. Pursuant to

10 Local Rule CR 7(b)(4), failure to file necessary documents in opposition to a motion for summary

11 judgment may be deemed by the Court to be an admission that opposition is without merit.

12     Plaintiff is further advised, pursuant to *Rand v. Rowland*, 113 F. 3d 1520, 1524 (9th Cir.

13 1997), that should he fail to contradict a motion for summary judgment with counter-affidavits

14 or other competent evidence, the moving party's evidence may be taken as the truth, and final

15 judgment may be entered without a full trial.

16     (6)   <u>Direct Communications with District Judge or United States Magistrate Judge</u>

17     It is further ORDERED that no direct communication is to take place with the District

18 Judge or Magistrate Judge with regard to this case. All relevant information and papers are to

19 be directed to the Clerk.

20 / / /

21 / / /

22 / / /

ORDER DISMISSING ONE DEFENDANT AND
DIRECTING SERVICE BY MAIL ON REMAINING
DEFENDANTS
PAGE -4

01       (7)     The Clerk is directed to send a copy of this Order and of the General Order to

02 plaintiff.

03       DATED this 17th day of January, 2008.

                                              JAMES L. ROBART
                                              United States District Judge

Recommended for Entry
this 15th day of January, 2008.

s/ Mary Alice Theiler
United States Magistrate Judge

ORDER DISMISSING ONE DEFENDANT AND
DIRECTING SERVICE BY MAIL ON REMAINING
DEFENDANTS
PAGE -5